Neel, J.
Plaintiff Winthrop Corporation (“Winthrop”) brings this action against the defendant, Frank Lowenthal (“Lowenthal”), pursuant to G.L.c. 93A, §11, alleging unfair and deceptive trade practices arising out of the arbitration of a previous dispute between Winthrop and Lowenthal. Specifically, Winthrop alleges that the defendant wrongfully misled the arbitrator by not informing him of the contingent fee agreement between Lowenthal and his attorneys. The arbitrator subsequently awarded Lowenthal attorneys fees based upon an hourly accounting.
The complaint originally named as defendants Lowenthal and his attorneys, Leonard M. Singer (“Singer”) and Arnold Messing (“Messing”). This court, on a prior motion,[1] dismissed the action as alleged against Singer and Messing on the grounds that the action was barred by the doctrine of absolute immunity as discussed in Sullivan v. Birmingham, 11 Mass.App.Ct. 359 (1981).[2] Lowenthal now moves for summary judgment on the grounds that the absolute privilege discussed in Sullivan also bars the action as alleged against him. For the reasons set forth in the court’s prior decision dismissing the action against Singer and Messing, supplemented by the following discussion, the defendant’s motion for summary judgment is allowed.
DISCUSSION
The background, as set forth in the prior decision, sufficiently establishes the undisputed facts relevant to this motion.
Lowenthal argues that the doctrine of absolute immunity, relied on by this court in dismissing the action against Singer and Messing, also bars the action against himself. In opposition, Winthrop contends that the doctrine, as discussed in Sullivan, protects only officers of the court, and therefore may not be relied upon' to dismiss the action against Lowenthal. This court concludes, however, that the doctrine of absolute immunity applies to shield Lowenthal from the present action.
The policy underlying the doctrine of absolute immunity “would be severely undercut if the absolute privilege were to be regarded as less than a bar to all actions arising out of the ‘conduct of parties and/or witnesses in connection with a judicial proceeding.’ ” Sullivan, supra at 368 (citation omitted) ,[3] The doctrine applies to statements by a “party, counsel or witness in the institution of, or during the course of, a judicial proceeding... provided such statements relate to that proceeding.” Sriberg v. Raymond, 370 Mass. 105, 108 (1976). As discussed in this court’s March 12, 1993 Memorandum at 5, the Sullivan court construed the privilege broadly.
The plaintiffs claim in this case is substantially similar to that in Sullivan, where the defendant wrongfully included in his complaint a specific dollar claim for damages with the intent improperly to influence the finder of fact on that issue.[4] Although the Sullivan complaint originally included only the party-defendants, the court considered “the factual allegations as they pertain to the defendants as well as to their attorneys, who prepared and signed the malpractice complaints but who were not named as defendants herein.” Sullivan, supra at 360.
In upholding the dismissal of the action as alleged against the party-defendants and as considered against the attorneys, the Sullivan court made no distinction between parties and attorneys. Rather, the court applied the privilege broadly to bar claims against those involved in the litigation. Accordingly, the doctrine of absolute privilege bars the present action against Lowenthal, as it alleges a claim against him for conduct arising in connection with judicial proceedings.
ORDER
It is therefore ORDERED that the defendant Frank Lowenthal’s motion for summary judgment is ALLOWED.

 Memorandum of Decision and Order on Defendant’s Motion To Dismiss (March 12, 1993).

 Lowenthal did not join in the prior motion to dismiss on the basis of the privilege.

 In Sullivan, the court notes that the underlying doctrine of absolute privilege applies to defamatory statements made “in the institution or conduct of litigation or in conferences and other communications preliminary to litigation.” Id. at 361 (quoting Sriberg v. Raymond, infra).

 In Sullivan, the plaintiffs alleged abuse of process, libel and negligence, and argued that relief could be granted for violation of G.L.c. 93A